UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

| | | |
|---|---|---|
| JEFFREY PRATER #259314, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05-cv-105 |
| | ) | |
| v. | ) | HON. RICHARD ALAN ENSLEN |
| | ) | |
| PATRICIA CARUSO, *et al.*, | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.        Factual Allegations

Plaintiff Jeffrey Prater, an inmate at the Hiawatha Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Director Patricia Caruso, Parole Board Chairman John Rubitschun, and Parole Board Members George Lellis and Charles E. Braddock. Plaintiff alleges in his complaint that he has suffered from a drug and alcohol addiction since he was approximately fourteen years of age. Consequently, Plaintiff has many physical and mental impairments. Plaintiff states that he has completed the MDOC supervised drug rehabilitation programs while incarcerated.

Plaintiff states that he was interviewed by Defendant Lellis on January 7, 2003, February 2, 2004, and again on January 4, 2005. Plaintiff received denials of parole following each interview, which were signed by Defendants Lellis and Braddock. Defendants listed Plaintiff's "polysubstance abuse dependence" as a reason for denying him parole. Plaintiff claims that he has a "high probability of parole" but that Defendants are discriminating against him on the basis of his substance abuse disorder. Plaintiff concedes that his history of drug and alcohol addiction substantially limit his judgment, ability to learn, ability to comprehend the long-range effects of his acts, and ability to maintain stable social relationships. However, Plaintiff states that he has been rehabilitated and no longer uses drugs and alcohol. Plaintiff asserts that he has a liberty interest in parole and that the denial of parole for less than "substantial and compelling" reasons violates his procedural due process rights. In addition, Plaintiff claims that his substance abuse history constitutes a disability for purposes of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA), and that the denial of parole on that basis violates these statutes. Plaintiff seeks injunctive relief, as well as monetary damages and costs.

> II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff in this case is complaining about the repeated denials of parole. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks monetary relief for alleged violations of his constitutional rights, his claims are appropriate under § 1983. However, Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1995 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and had continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit also has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Leaphart v. Gach*, No. 95-1639, 1995

WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest at stake. Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

Moreover, claims which challenge the denial or revocation of parole are not cognizable under § 1983 until the decision "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). "The principles espoused in *Heck* have been applied to § 1983 actions, like [Plaintiff's], challenging state parole decisions in the absence of a previous decision by a state or federal tribunal declaring the decision invalid." *Bell v. Ohio Adult Parole Auth.,* 01-3863, 2001 WL 1540412 (6th Cir. Nov. 30, 2001) (citations omitted); *see Hill v. Ghee,* 01-3680, 2002 WL 449861 (6th Cir. Mar. 21, 2002); *Ward v. Engler,* 00-1867, 00-1948, 2001 WL 278683 (6th Cir. Mar. 13, 2001). Allowing Plaintiff's § 1983 claim for money damages would imply that his continued imprisonment and the parole board's decision were invalid. *See Bell,* 2001 WL 1540412, at *2; *Hill,* 2002 WL 449861, at *2; *Ward,* 2001 WL 278683, at *1. Plaintiff has not demonstrated the invalidity of his parole denial by either a state or federal habeas corpus decision. Therefore, Plaintiff fails to present a cognizable federal claim.

Plaintiff claims that the Parole Board relied on his substance abuse history in denying parole in violation of Title II of the ADA, 42 U.S.C. §§ 12131, and Section 504 of the RA, 29 U.S.C. § 794(a). Title II of the ADA provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Therefore, to state a claim under the ADA, Plaintiff must show that he is a "qualified person," that he has a "disability," and that parole is a "service, program, or activity" of the state. In the ADA, the term "disability" is defined as, with respect to an individual: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." 42 U.S.C. § 12102(2). Similarly, Section 504 of the RA protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under specified programs "solely by reason of her or his disability." 29 U.S.C. § 794(a).

Assuming Plaintiff could make the required showing that his past drug history constituted a disability, neither the ADA nor the RA categorically bar a state parole board from considering an inmate's disability in making an individualized assessment of the future dangerousness of the inmate. *See Thompson v. Davis*, 295 F.3d 890, 898 n.4 (9th Cir. 2002).

Moreover, Plaintiff cannot bring a claim for monetary damages against these defendants in their official capacities pursuant to the ADA and the RA. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity; in this case, the Michigan Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The Sixth Circuit has expressly

ruled that the Eleventh Amendment bars a civil rights action to the extent that it relied on congressional enforcement of equal protection in non-employment ADA cases, although a due process claim of denial of participation in public services was not barred. *Popovich v. Cuyahoga Court of Common Pleas*, Nos. 98-4100, 98-4540, 2002 WL 23903 (6th Cir. Jan. 10, 2002) (en banc). The Fifth Circuit has also held that Congress did not validly abrogate Eleventh Amendment immunity under Title II of the ADA and under the RA for an action brought by prisoners regarding inadequate mental health services. *See Reickenbacker v. Foster*, 274 F.3d 974 (5th Cir. 2001). Thus, Plaintiff's claims of discrimination, based on equal protection principles and against the Defendants in their official capacities, are barred by Eleventh Amendment immunity.

Caruso, Rubitschun, Lellis, and Braddock are not proper defendants under the ADA and RA for claims against them in their individual capacities. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The RA similarly provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . " 29 U.S.C. § 794. Because individuals such as Caruso, Rubitschun, Lellis, and Braddock are not public entities providing programs or activities to which either the ADA or RA apply, they cannot be liable in their personal capacities under either Act. *See Reickenbacker*, 274 F.3d at 975 n.9 (noting that plaintiffs withdrew their individual claims in the face of a statutory argument); *Key v. Grayson*, 163 F. Supp. 2d 697, 715 (E.D. Mich. 2001) (following great weight of authority holding that individuals cannot be liable under Title II of the ADA); *Calloway v. Boro of Glassboro Dep't of Police*, 89 F. Supp. 2d

543, 557 (D.N.J. 2000) (collecting decisions of the Eighth Circuit and various district courts holding that individuals cannot be liable under the ADA or RA).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
June 13, 2005  RICHARD ALAN ENSLEN
  UNITED STATES DISTRICT JUDGE