UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JEFFREY PRATER #259314, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05-cv-105 |
| | ) | |
| v. | ) | HON. RICHARD ALAN ENSLEN |
| | ) | |
| PATRICIA CARUSO, *et al.*, | ) | |
| | ) | **ORDER GRANTING MOTION** |
| Defendants. | ) | **FOR RECONSIDERATION** |
| | ) | |

Plaintiff, a prisoner incarcerated at the Hiawatha Correctional Facility (HTF), filed a complaint pursuant to 42 U.S.C. § 1983. This Court dismissed Plaintiff's complaint as failing to state a claim upon which relief may be granted on June 13, 2005. Plaintiff has filed a motion to reconsider, which the Court construes as a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Court finds that the motion is timely. *See* FED. R. CIV. P. 59(e). After careful consideration, the Court will grant the motion.

Plaintiff claims that the Court should reconsider the dismissal of Plaintiff's Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") claims because it misconstrued and overlooked several compelling facts. In addition, Plaintiff states that he intends to file an amended complaint which will more clearly articulate the nature of Plaintiff's claims. Plaintiff specifically states that he wishes to assert only his ADA and RA claims and to seek only declaratory and injunctive relief against Defendants in their official capacities. Plaintiff relies on *Thompson v. Davis*, 295 F.3d 890 (9th Cir. 2002), which held that drug addiction that substantially limits one or more major life activities is a recognized disability under the ADA. *Id.* at 896. In

*Thompson*, the Ninth Circuit held that where a prisoner is statutorily eligible for parole and alleges that he has been denied the benefit of parole solely on the basis of his disability, he has set forth a claim under the ADA. *Id.* at 897-99. In addition, the Ninth Circuit noted that such a claim does not necessarily imply the invalidity of their continuing confinement. *Id.* at 895. The Sixth Circuit has held that a prisoner must allege that his handicap was the sole reason for the denial of benefits in order to set forth such a claim. *Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 492-93 (6th Cir. 2004).

In this case, like the Plaintiffs in *Thompson*, Plaintiff alleges that he has a history of drug and alcohol addiction which substantially limited his judgment, ability to learn, ability to comprehend the long-range effects of his acts, and ability to maintain stable social relationships, but that he has been rehabilitated and no longer uses drugs and alcohol. As the plaintiffs in *Thompson*, Plaintiff also claims that he was denied parole solely on the basis of this disability and is seeking only prospective injunctive relief from Defendants in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)). Therefore, it appears that Plaintiff's motion is properly granted with regard to his ADA and RA claims. Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Dkt.No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that in accordance with Administrative Order No. 03-029, the Clerk shall return to Plaintiff with a copy of this Order one copy of the Complaint and any exhibits.

**IT IS FURTHER ORDERED** that immediately upon receipt of this Order, Plaintiff shall request that the prison make **4** copies of the Complaint and exhibits for service upon each Defendant for whom service has been ordered.

**IT IS FURTHER ORDERED** that within fifteen business days of this Order, Plaintiff shall file with the Court the requisite number of copies of the Complaint and exhibits along with a copy of this Order OR an affidavit explaining why Plaintiff is unable to provide the requested copies within the fifteen-day period. Should the Court find that the prison failed to make copies upon Plaintiff's request, the Court will direct the Clerk to make such copies as may be necessary and to charge the Michigan Department of Correction for the cost of copying at the Court's usual rate of $.50 per page.

**IT IS FURTHER ORDERED** that Plaintiff's failure to submit the requested copies within the time provided by the Court may result in the dismissal of his action without prejudice by the district judge.

**IT IS FURTHER ORDERED** that upon receipt of the copies required by this Order, the Clerk shall arrange for service of summons and complaint, along with a copy of this Order, upon Defendants.

**IT IS FURTHER ORDERED** that Defendants shall reply to the Complaint after service, by way of answer, motion to dismiss, or motion for summary judgment, within the time allowed by law. *See* 42 U.S.C. § 1997e(g).

DATED in Kalamazoo, MI:  
   September 22, 2005

   /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE