UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY PRATER,

        Plaintiff,

                                  Case No. 2:05-cv-105

v.                                  HON. RICHARD ALAN ENSLEN

PATRICIA CARUSO, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff Jeffrey Prater, an inmate at the Hiawatha Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants employed by the MDOC at the Hiawatha Correctional Facility in Kincheloe, Michigan.  Defendants have moved for summary judgment under Fed R Civ P. 56(b).  I recommend that Defendants' motion be granted, and that Plaintiff's claim be dismissed.

        Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  While the evidence must be

viewed in the light most favorable to the nonmoving party, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff claims that he was denied parole because of his history of substance abuse. Plaintiff is currently serving a sentence of seven to fifteen years confinement for sexually abusing his minor stepdaughters.  Plaintiff became eligible for parole and had parole interviews on January 7, 2003, February 2, 2004, and January 4, 2005.  Plaintiff was denied parole all three times.  In denying Plaintiff's parole, Defendants Lellis and Braddock noted that Plaintiff has a long-standing substance abuse problem.  Plaintiff claims that this violates the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA), because his alcoholism and substance abuse problems qualify him as a protected individual under these laws.  Plaintiff asserts that the parole board cannot use his substance abuse history as a substantial and compelling reason to deny him parole contrary to the findings of parole guidelines.  Defendants disagree and also note that Plaintiff's substance abuse problems were not the sole reasons for his parole denial.

The ADA and RA are applicable to state parole board decisions and serve to prevent discrimination against a disabled but otherwise qualified individual.  Claims under these acts may be analyzed jointly.  *Maddox v. University of Tennessee*, 62 F.3d 843, 846 (6th Cir. 1995).  Title II of the ADA prevents a public entity from discriminating against a qualified individual with a disability on the basis of that disability.  42 U.S.C. § 12132 (1994).  For reviewing claims under title

- 2 -

II of the ADA, I recommend that the court follow the standard articulated in *Weinreich v. LA County Metro. Transp. Auth.*, 114 F.3d 976 (9th Cir. 1997).  Under that standard, the Plaintiff must allege four elements:  1) The plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and 4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  *Weinreich*, 114 F.3d at  978; *Doherty v. Southern College of Optometry*, 862 F.2d 570 (6th Cir. 1988.)  This standard is appropriate for a case of this nature, since it has been previously used to review ADA claims specifically related to parole denial.  *Thompson v. Davis,* 295 F.3d 890 (9th Cir. 2002).

First, Plaintiff must allege that he has a disability of some kind.  Plaintiff has satisfied this burden by alleging that he suffers from alcohol and drug dependancies.  Substance abuse is considered a disability under the ADA and RA and, specifically, a parole board may not categorically exclude recovering substance abusers from parole consideration because of their disability. *Thompson,* 295 F.3d at 893- 894.  Plaintiff has therefore alleged sufficient facts to support the first element of this claim.

The next questions is whether Plaintiff is a qualified individual as defined by the ADA and RA.  The ADA defines a "qualified individual with a disability" as:

> An individual with a disability who, with or without reasonable modifications to rules, policies or practices, the removal or architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility

requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2) (1994).

Plaintiff is statutorily eligible for parole.  However, where a parole board considers a number of factors in its assessment of an inmate and determines that the inmate is not suitable for parole, that inmate has not shown that he is an "otherwise qualified individual" under the ADA. *Mitchell v. Metrish,* 2005 WL 2397031 (E.D. Mich.).  In the reports denying Plaintiff parole, substance abuse is not the only reason cited for the denial.  The board notes that Plaintiff's crime involves the sexual assault of a minor child, that the Plaintiff was in a position of authority over the child, and that the child was a member of Plaintiff's family.  The board also cited as a "compelling reason" to depart from parole guidelines that Plaintiff failed to demonstrate that the risk to the public has been reduced.  An essential eligibility requirement for an inmate's early release on parole is the Board's reasonable assurance that the inmate will not become a menace to society or a threat to the public safety if granted parole.  (Mich. Comp. Laws 791.233(1)(a).)  Since these factors are legitimate concerns for a parole board to address, Plaintiff cannot demonstrate that he is an "otherwise qualified individual" as defined by the statute.  It is my recommendation that the court find that Plaintiff has not satisfied this element of the required test to state a claim under title II of the ADA.

Finally, Plaintiff must show that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  Plaintiff has alleged such, but to survive a motion for summary judgment, resting on the pleadings is insufficient.  Plaintiff must present some showing of fact that would create a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986.)  In addition to Plaintiff's history of substance abuse, the parole board made

additional findings regarding Plaintiff's history, including the previously-discussed nature of his crimes. It is not improper for a parole board to consider an inmate's history of substance abuse during an individualized assessment of that inmate. *Lee v. Michigan Parole Board,* 2004 WL 1532563 (6th Cir. Mich.). Plaintiff offers no showing of fact that his denial of parole was based exclusively on his history of substance abuse rather than on another factor or some combination of factors. Therefore, it is my recommendation that the court find that Plaintiff has not satisfied this element of the required test to state a claim under title II of the ADA.

Plaintiff has stated insufficient facts to state a claim under title II, since Plaintiff cannot demonstrate that he was "otherwise qualified" for parole, nor can he demonstrate that his denial of parole was based solely on his disability. Therefore, it is my recommendation that Defendants' motion for summary judgment (Docket #32) be granted, and that this action be dismissed with prejudice.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140

(1985).


         /s/ Timothy P. Greeley
         TIMOTHY P. GREELEY
         UNITED STATES MAGISTRATE JUDGE

Dated:   August 18, 2006