UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY PRATER,                                                          Case No. 2:05-cv-105

       Plaintiff,                                                        Hon. Richard Alan Enslen

v.

PATRICIA L. CARUSO, *et al.*,
                                                  **OPINION**
       Defendants.              /

      This matter before the Court on Plaintiff's Objections to the Report and Recommendation of United States Magistrate Judge Timothy P. Greeley ("Report") of August 18, 2006 which recommended Defendants' Motion for Summary Judgment be granted and Plaintiff's claims dismissed. This Court reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

      Plaintiff first objects to the Report's finding that he is not a qualified individual as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794. Title II of the ADA prevents a public entity from discriminating against an otherwise qualified individual with a disability on the basis of the disability. 42 U.S.C. § 12132. Plaintiff claims that he meets the parole program's requirements in spite of his previous disability and he is, therefore, an "otherwise qualified individual" under the ADA. The Court disagrees with Plaintiff's interpretation of the parole requirements. An essential eligibility requirement for the early release of a prisoner is that the "board has reasonable assurance, after consideration of the all the facts and circumstances...that the prisoner will not become a menace to society or to public safety." Mich. Comp. Laws § 791.233(1)(a). In this case, the Board justified its deviation from the guidelines by stating that Plaintiff had "failed to demonstrate that risk to public

has been reduced." (Pl.'s Ex. K.) Plaintiff's disability was also not the only reason for the denial of parole, as the Board noted; Plaintiff's victim was a family member, the crime was a sexual assault of a minor, and Plaintiff violated a position of trust or authority. Additionally, the Board found Plaintiff expressed little or no remorse for the crimes and had received misconducts while at prison. Where the Board has considered many factors and determined that the prisoner is not qualified for parole, that prisoner has not made a showing that he is a "qualified individual" under the ADA.[1] *Mitchell v. Metrish*, 2005 WL 2397031 (Sept. 28, 2005, E.D. Mich.).[2] In this case, the Board made an individualized assessment of Plaintiff looking at multiple factors and found that it lacked assurance that Plaintiff would not be a menace to society. For those reasons, Plaintiff is not an "otherwise qualified individual" under the ADA.[3]

Plaintiff also objects to the Report citing unpublished decisions, in particular, *Lee v. Parole Bd. of Mich.*, 104 Fed. Appx. 490 (6th Cir. 2004), in reliance on the requirement that the Defendants must have denied parole "solely" because of his handicap to be considered a "qualified individual" under the ADA and RA. Although it is true that Sixth Circuit Local Rule 28(g) disfavors the citation of unpublished opinions by counsel, it may be appropriate when the facts in the cases are analogous

---

[1]Further, it was also proper for the Board to consider the drug abuse history as a factor because "[t]he parole board . . . does have legitimate penological interests in considering the plaintiffs' substance abuse backgrounds during the individualized inquiry for parole suitability." *Thompson v. Bogovich*, 295 F.3d 890, 898 n.4 (9th Cir. 2002).

[2]*See* Court's discussion regarding unpublished opinions below.

[3]Plaintiff also objected to the Board's use of subjective factors to permit a departure; however, this objection is without merit. Plaintiff's cited case law, *People v. Babcock*, 469 Mich. 274 (2000), *People v. Daniel*, 462 Mich. 1 (2000), *People v. Fields*, 448 Mich. 58 (1995), and his arguments make clear that he misapprehended the law being applied. Indeed, all three of those cases address trial courts' downward departures from the sentencing guidelines and are not applicable to parole board decisions.

and there is no published opinion on topic. *See Tol v. Gen. Teamsters Union, Local No. 406*, 656 F. Supp. 300, 304 (W.D. Mich. 1987) (wherein this Court stated "[a]n unpublished decision does have precedential value [where there exists analogous facts], however, and the Court must assume that the Sixth Circuit will adhere to the principle stated in [the unpublished decision] in the future."). The Court also recognizes the trend to place less significance on the issue of whether an opinion was published. On April 14, 2006, the Supreme Court of the United States approved an amendment to Federal Rule of Appellate Procedure 32.1, which will expressly permit litigants to cite any "federal judicial opinion, order, judgment, or other written disposition" issued on or after January 1, 2007, even if it has been given an unpublished (or similar) designation. *See* FED. R. APP. P. 32.1 (proposed Amendment). This practice is consistent with the past opinions of some courts which have treated all decisions as worthy of some precedential value. *See Anastasoff v. United States*, 233 F.3d 898, 905 (8th Cir. 2000). Therefore, where the Court has found the unpublished opinions to be analogous to the facts of the present case and where there is a dearth of a published case on the specific issue, it is appropriate for the Court to rely on and cite these decisions. A copy of the unpublished decisions shall be attached as attachments to this Opinion to provide Plaintiff ready access to them.

Plaintiff also objects to the requirement that the benefits must have been denied "solely" because of his disability. Plaintiff claims this requirement contradicts the language of the ADA statute and *McPherson v. Mich. High Sch. Athletic Ass'n.*, 119 F.3d 453 (6th Cir. 1997). In *McPherson*, a case dealing with student athlete eligibility, the Michigan Court of Appeals states in *dicta*:

> There may be other differences in the application of the two statutes [ADA and RA], including whether the "solely by reason of...disability" standard made explicit in the language of the [RA] should be imported into the ADA, which contains no such

3

> language...Those differences in the two statutes are not implicated, however, in the issues presented in this case and, therefore, we need not address them.

*Id*. at 460.  Plaintiff offers no explanation of how his claim implicates the differences between the two statutes, nor does he offer any other case law to shed light on these differences.  After reviewing the record, it is the Court's opinion that this case does not implicate the differences between the ADA and the RA.  Further, the Court finds clear Sixth Circuit precedent that supports using a standard of "solely by reason of [disability]" language when assessing an ADA claim in conjunction with an RA claim. *Sandison v. Mich. High Sch. Athletic Ass'n*., 64 F.3d 1026, 1036 (6th Cir. 1995).  In *Sandison*, the Court of Appeals stated, "a plaintiff proceeding under title II of the ADA must, similar to a section 504 plaintiff, prove that the exclusion from participation in the program was 'solely by reason of [disability].'" *Id.*; *accord Lee v. Mich. Parole Bd.*, 104 Fed. Appx. 490, 492, (6th Cir. 2004), *Mitchell*, 2005 WL 2397031.[4]

Finally, Plaintiff objects to the Report's recommendation that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  The Court agrees that an appeal from this action would not be in good faith. *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).  The fact that Plaintiff has stated insufficient facts to escape summary judgment because he cannot demonstrate he was denied parole solely because of his disability, nor can he show he is an "otherwise qualified individual" for parole, dictates that an appeal would not be in good faith. *Id*.

---

[4]Plaintiff has requested the Court address the process that is due "to high probability scoring inmates."  (Pl.'s Obj. 11.)  However, this objection is out of place and does not relate to the claims under the ADA and RA.  Plaintiff has alleged and is constrained to alleging a violation of the ADA and RA pursuant to this Court's Order on Reconsideration (Dkt. No. 10).  Therefore, the Report was correct in not addressing the issue.

For these reasons, the Court denies Plaintiff's Objections. The Court also adopts the Report and Recommendation. Further, the Court certifies that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

A Final Judgment shall issue consistent with this Opinion.

                                                             /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:            RICHARD ALAN ENSLEN
    October 5, 2006                    SENIOR UNITED STATES DISTRICT JUDGE