UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY PRATER,  	Case No. 2:05-cv-105

    Plaintiff,  	Hon. Richard Alan Enslen

v.

PATRICIA L. CARUSO, *et al.*,

    Defendants.        /  	**ORDER**

This matter is before the Court on Plaintiff Jeffrey Prater's Motion for Reconsideration of Judgment. Plaintiff requests Reconsideration of the Court's Opinion and Final Judgment of October 5, 2006, which granted Defendants Summary Judgment and dismissed Plaintiff's Complaint. Under Rule 7.4(a), Plaintiff must demonstrate that the Court's Final Judgment suffers from a palpable defect, and must "also show that a different disposition of the case must result from a correction thereof." W.D. MICH. LCIVR 7.4(a). Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff's Motion must clearly either establish a manifest error of law, present newly discovered evidence, indicate an intervening change in controlling law, or demonstrate a manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). However, motions under Rule 59(e) are not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citations omitted).

In this Motion, Plaintiff has failed to allege any new facts that would, if proven, entitle him to relief under any theory. Plaintiff has not demonstrated a manifest injustice, nor has he shown a

palpable defect in the previous Court's Judgment.  Further, Plaintiff has set forth arguments that are outside the scope of his claims under the American with Disabilities Act or the Rehabilitation Act.[1]

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Jeffrey Prater's Motion for Reconsideration of Judgment (Dkt. No. 49) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>November 15, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[1] To the extent that Plaintiff believes the Court erred by not relying on his choice of precedent, *Thompson v. Bogovich*, 295 F.3d 890 (9th Cir. 2002), the Court points Plaintiff to its first footnote in the previous Opinion.  In that footnote, the Court quotes *Thompson*; "[t]he parole board...does have legitimate penological interests in considering the plaintiffs' substance abuse backgrounds during the individualized inquiry for parole suitability."  *Id*. at 898 n.4.